2010R00582
ESW/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable Katharine S. Hayden, U.S.D.J. |
|---|---|
| *Plaintiff,* v. JOHN GORDON *Defendants.* | Criminal No. 12- **379** CONSENT JUDGMENT AND ORDER OF FORFEITURE |

**WHEREAS** on or about May 24, 2012, defendant John Gordon ("Defendant") pled guilty to an Information charging him with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; and

**WHEREAS** pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 371 shall forfeit to the United States any property that constitutes or is derived from proceeds the person obtained directly or indirectly, as the result of the offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to $1,666,445 (the "Property"), which constitutes or is derived from proceeds obtained as a result of Defendant's offense in violation of 18 U.S.C. § 371; and

**WHEREAS** Defendant acknowledges that the Property includes proceeds obtained as a result of his offenses or is derived from proceeds he obtained directly or indirectly as a result of his securities fraud offense in violation of 18 U.S.C. § 371 as set forth in the Information, and that the Property is therefore

subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**WHEREAS** Defendant agrees to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** Defendant:

(1) consents to a money judgment in the amount of $1,666,445 to the United States as representing property that constitutes or is derived from proceeds traceable to the offense to which he pled guilty;

(2) agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(3) waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(4) acknowledges tha understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(6) waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above;

(7) waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(8) agrees to cooperate in resolving third-party claims in favor of the United States; and

**WHEREAS** the United States has not, as of this date, identified specific assets that constitute or are derived from proceeds obtained from the offenses of Defendant, nor has the United States yet identified any property of Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS**, Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the Property, namely $1,666,445, representing the amount of proceeds obtained as a result of the Defendant's offenses are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition in accordance with the provisions of 21 U.S.C. § 853 as incorporated through 18 U.S.C. § 982(b)(1);

**THAT** a money judgment in the amount of $1,666,445 shall be entered against defendant John Gordon; and

**THAT** the Court shall order forfeiture of any other property of defendant John Gordon up to the value of $1,666,445, if the Property or any portion thereof, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT** the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

**THAT** pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the defendant John Gordon at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**THAT** the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value not to exceed $1,666,445 to satisfy the money judgment in whole or in part.

**ORDERED** this 27th day of December, 2012.

_Katherine_ (signature)
USDJ

- 4 -

Honorable Katharine S. Hayden
United States District Judge

The Undersigned hereby consent to the
entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____    Dated: 5/24/12
By: Christopher J. Kelly
Assistant U.S. Attorney


_____    Dated: 5-24-12
Bruce Wenger, Esq.
Counsel for Defendant

_____    Dated: 5-24-12
John Gordon
Defendant